| | |
|---|---|
| SOHEIL K. SHARAFABADI,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC NORTHWEST FARMERS COOPERATIVE, et al.,<br><br>Defendants. | CASE NO. C09-1043JLR<br><br>ORDER ON MCKAY'S MOTION TO DISMISS |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

## I. INTRODUCTION

This matter comes before the court on Defendant McKay Seed Co., Inc.'s ("McKay") motion to dismiss (Dkt. # 69). Having considered the motion, as well as all papers filed in support and opposition, and deeming oral argument unnecessary, the court GRANTS the motion and DISMISSES the claims against McKay without prejudice.

## II. BACKGROUND

This is a patent infringement action concerning United States Patent No. 4,980,186 ("'186 Patent"), titled "Pseudoplastic Yellow Mustard Gum." (Compl. (Dkt. # 1) ¶ 13 & Ex. 1 ('186 Patent).) Plaintiff Soheil K. Sharafabadi, a Canadian citizen proceeding *pro se*, is the inventor and owner of the '186 Patent. (*Id.* ¶ 1.) The parties are familiar with the background of this case and the court will not repeat it in full here.[1]

McKay is a Washington corporation that produces, distributes, and sells IdaGold mustard seeds. (Declaration of Dan McKay (Dkt. # 70) ¶¶ 1, 3, 7.) In his complaint, Mr. Sharafabadi alleges claims against McKay for direct and indirect infringement of the '186 Patent.[2] (*Id.* ¶¶ 14-15, 17-20.) Specifically, Mr. Sharafabadi alleges:

> The Defendant Mc[K]ay Seeds Company as an agent or sub-licensee of the Defendants PNW Coop and or Montana Specialty Mills, L.L.C has been infringing the ["]186 Patent" by trading and selling directly in the District of Washington and throughout the United States IdaGold mustard seeds which in [sic] its making employs one or more claims of the "186Patent".

(*Id.* ¶ 41.) The complaint provides no additional factual allegations concerning McKay. McKay now moves to dismiss Mr. Sharafabadi's patent infringement claims pursuant to Rule 12(b)(6). Mr. Sharafabadi opposes the motion.

---

[1] For a more complete account of the facts of this case, the court directs the parties to its November 27, 2009 order concerning Defendants Pacific Northwest Farmers Cooperative, Inc. ("PNW") and L.A. Hearne Company ("L.A. Hearne"). (Order dated November 27, 2009 ("Order") (Dkt. # 72) at 2-4; *see also* Order dated November 27, 2009 (addressing sovereign immunity issues) (Dkt. # 71).)

[2] Mr. Sharafabadi does not cite to specific statutory provisions in his complaint. However, he labels his two claims "Direct Infringement of the '186 Patent'" and "Contributory and Induced Infringement of the '186 Patent,'" respectively. (Compl. ¶¶ 14-16 (direct) & ¶¶ 17-20 (indirect).)

In addition, Mr. Sharafabadi filed a notice of appeal following the court's prior rulings on the motions to dismiss of Defendants PNW, L.A. Hearne, the University of Idaho, Washington State University, and Oregon State University. (Dkt. # 86.) The court finds that its prior orders do not constitute appealable orders such that Mr. Sharafabadi's appeal divests this court of authority to consider the pending motions in this case. *See, e.g., Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1349-50 (Fed. Cir. 2003); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993).

### III.   ANALYSIS

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* at 1949-50.

Form 18 of the Federal Rules of Civil Procedure provides a sample complaint for direct patent infringement. *See also* Fed. R. Civ. P. 84. The United States Court of

Appeals for the Federal Circuit and a range of district courts have concluded that the sample complaint of Form 18 meets the *Twombly* standard. *E.g., McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-58 (Fed. Cir. 2007); *Mark IV Indus. Corp. v. TransCore, LP*, No. 09-418 GMS, 2009 WL 4828661, at *2-4 (D. Del. Dec. 2, 2009); *Elan Microelecs. Corp. v. Apple, Inc.*, No. C09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009); *Adv. Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C09-1360 MMC, 2009 WL 1974602, at *1 (N.D. Cal. July 8, 2009); *S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, No. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009). Pursuant to Form 18, a plaintiff alleging a direct infringement claim need only provide the following general information:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages.

*McZeal*, 501 F.3d at 1357; *see* Fed. R. Civ. P. Form 18. In *McZeal*, the Federal Circuit determined that a complaint for direct patent infringement that includes these elements is sufficient to meet "the low bar for *pro se* litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6)."[3] 501 F.3d at 1358. By contrast, the Federal Rules of Civil

---

[3] The Federal Circuit decided *McZeal* after *Twombly* but before *Iqbal*. This court agrees with the sentiment expressed by at least one other district court that it is difficult to reconcile Form 18 with the Supreme Court's guidance in those decisions. *See Elan Microelecs.*, 2009 WL 2972374, at *2. Nevertheless, as another district court has observed, *Iqbal* "did not squarely address the continued vitality of the pleading forms appended to the Federal Rules of Civil Procedure," and, in light of "the practical difficulties of pleading patent infringement with more

ORDER- 4

Procedure do not provide an analogous form for indirect patent infringement claims. *See Elan Microelecs.*, 2009 WL 2972374, at *2.

**A.  Patent Infringement Claims**

In its prior order, the court set out the applicable legal standards with respect to claims under 35 U.S.C. §§ 271(a), 271(b), 271(c), and 271(g).  (Order at 6-12.)  These standards apply with equal force here and the court thus incorporates them by reference. (*See id*.)  In his complaint, Mr. Sharafabadi pleaded only that McKay is an agent or sub-licensee of PNW or Defendant Montana Specialty Mills, LLC, and that it sells the IdaGold mustard seeds.  (Compl. ¶ 41.)  Mr. Sharafabadi does not allege that McKay used or uses the '186 Patent.  Even accepting the allegations in the complaint as true, Mr. Sharafabadi has not made out a claim for direct infringement.  Likewise, for the reasons articulated in the court's prior order, the factual allegations contained in the complaint are insufficient to make out a claim under §§ 271(b), 271(c), or 271(g) against McKay. Therefore, the court dismisses all of Mr. Sharafabadi's claims against McKay without prejudice.

---

specificity than that required by Form 18," *Iqbal*'s context-specific approach suggests that no more is required.  *Mark IV Indus. Corp.*, 2009 WL 4828661, at *4.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS McKay's motion to dismiss (Dkt. # 69) and DISMISSES the claims against McKay without prejudice.

Dated this 14th day of January, 2010.

_____
JAMES L. ROBART
United States District Judge